UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

REGINALD RISPER,

    Plaintiff,

-vs-                                      CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and MOUNTAIN RUN
SOLUTIONS LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Reginald Risper (hereinafter "Plaintiff"), sues Defendants, Experian Information Solutions, Inc., Trans Union LLC, and Mountain Run Solutions LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

2.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

1

3.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.    Venue is proper in this District as Plaintiff is a natural person and a resident of Griffin, GA; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6.    Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, authorized to conduct business in the State of Georgia through its registered agent, CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

7.    Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.    Trans Union LLC ("TransUnion") is a corporation with its principal place of business located at 555 West Adams St., Chicago, IL 60661, authorized to conduct business in the State of Georgia through its registered agent, The Prentice Hall Corporation System, located at 40 Technology Parkway South, #300, Norcross, GA 30092.

10. TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

12. Mountain Run Solutions LLC ("Mountain Run") is a corporation with its principal place of business located at 313 E. 1200 S. Suite 201, Orem, Utah 84058 which conducts business in the State of Georgia.

13. Mountain Run is a debt collector and a furnisher of information to the aforementioned credit reporting agencies.

## FACTUAL ALLEGATIONS

14. TransUnion and Experian are two of the "big three" credit reporting agencies in the United States today.

15. In or around mid-2020 it came to Plaintiff's attention that Mountain Run is furnishing information to TransUnion and Experian that is false and inaccurate.

16. Specifically, Mountain Run claims Plaintiff owes Mountain Run approximately $1,866.00 regarding a debt owed to non-party "Vivint."

17. Plaintiff has never had any account or business dealings with Vivint.

18. Plaintiff disputed the false information Mountain Run is furnishing directly with TransUnion and Experian by sending each a formal written notice of dispute.

19. Both TransUnion and Experian responded to Plaintiff's dispute by "verifying" the false and inaccurate information they are reporting about Plaintiff.

20. As a result of the conduct, action, and/or inaction of the Defendant, Plaintiff's credit score has dropped significantly.

21. As a result of the conduct, action, and/or inaction of the Defendant, Plaintiff has wasted countless hours of his personal time.

22. As a result of the conduct, action, and/or inaction of the Defendant, Plaintiff has suffered from anger, stress, worry, sleeplessness, and frustration.

23. Plaintiff has been forced to delay his plans to build new home due to the fact that his credit score has plummeted so much from the inaccuracies described herein.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Credit Reporting Act as to TransUnion

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. TransUnion has violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

26.   As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered a loss of his personal time, a reduced credit score, a financial loss, and the emotional distress described in this Complaint.

27.   TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

28.   Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of the Fair Credit Reporting Act as to TransUnion

29.   Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

30.   TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

31.   As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by reduced credit score, loss of the ability to purchase and benefit from credit, a

financial loss, and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report/diminished credit score.

32. TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

33. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TransUnion, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**Violations of the Fair Credit Reporting Act as to Experian**

34. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

35. Experian has violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

36. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of his personal time, a reduced credit score, a financial loss, and the emotional distress described in this Complaint.

37. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

38. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of the Fair Credit Reporting Act as to Experian

39. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

40. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

41. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score, loss of the ability to purchase and benefit from credit, a financial loss, and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report/diminished credit score.

42. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

43. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violations of the Fair Credit Reporting Act as to Mountain Run

44. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

45. Mountain Run furnished inaccurate representations to Experian and TransUnion, and through Experian and TransUnion to all of Plaintiff's potential lenders on multiple occasions.

46. Mountain Run violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

47. Mountain Run violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

48. Mountain Run did not have any reasonable basis to believe that Plaintiff was responsible for the account in question. It also had substantial evidence by which to have verified that Plaintiff is not responsible. For example Plaintiff never lived at the address where the underlying Vivint service was registered. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the information it furnished bout Plaintiff.

49. As a result of the conduct, action and inaction of Mountain Run, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score/a credit report that has a derogatory remark.

50. Mountain Run's conduct, action and/or inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

51. Plaintiff is entitled to recover reasonable attorney's fees and costs from Mountain Run in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Mountain Run to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Octavio "Tav" Gomez, Esq.*
Octavio "Tav" Gomez, Esq.
Georgia Bar No.: 617963
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
TGomez@ForThePeople.com
ASnedaker@forthepeople.com
*Counsel for Plaintiff*